UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

| | |
|---|---|
| IN RE | |
| TROY KEL DEAN<br>MARY E. DEAN | CASE NO. 24-30185 |
| DEBTORS | CHAPTER 7 |
| JAMES R. WESTENHOEFER, *Trustee*<br>*in Bankruptcy* | PLAINTIFF |
| V. | ADV. NO. 24-3005 |
| FIRST NATIONAL BANK OF<br>KENTUCKY, *et al.* | DEFENDANT |

**MEMORANDUM OPINION GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND DENYING DEFENDANT'S
CROSS MOTION FOR SUMMARY JUDGMENT**

Plaintiff/Chapter 7 Trustee James R. Westenhoefer ("Plaintiff" or "Trustee") filed a Complaint against Creditor/Defendant First National Bank of Kentucky ("Defendant") seeking to avoid its lien on a Freightliner Semi-Tractor (the "Vehicle") owned as of the petition date by Debtor Troy Kel Dean ("Mr. Dean").[1] [ECF No. 1.][2]  While the parties agree perfecting the lien on the Vehicle required filing the lien in Mr. Dean's county of residence, they disagree on which county he resides in.  Debtors live on real property located in both Carroll County and Trimble County.  Defendant claims Mr. Dean resides in Trimble County where Defendant filed its lien on the Vehicle.  Plaintiff argues he resides in Carroll County and, thus, that the lien is unperfected

---

[1] The Complaint also named Mr. Dean as a defendant to assert any interest he may have in the Vehicle. [ECF No. 1 ¶ 12.]  Debtor (and his co-Debtor spouse, Mary E. Dean (together, "Debtors")) filed an Answer that (a) admits this is a core proceeding and provides consent to the entry of final orders, and (b) states Debtors "have no intention of retaining the subject asset herein, same has been surrendered to the Defendant Bank herein, and the Debtors defer to the rulings of this Honorable Court for determination as to the priorities of the liens of the party [*sic*] and ultimate disposition of the asset[.]" [ECF No. 13 ¶¶ 1, 6, 7.]  Mr. Dean has taken no further action on the record in this case.

[2] Unless otherwise indicated, all record citations are to documents filed in this adversary proceeding.

and avoidable using the Trustee's strong-arm power as a hypothetical judicial lien creditor under § 544(a)(1).[3]

The Court agrees with Plaintiff. Mr. Dean resides in Carroll County for purposes of lien perfection. The safe harbor defense under K.R.S. § 186A.190(2) is not applicable, and Defendant's lien is avoided under § 544(a)(1).

**I.    Procedural Background and Findings of Undisputed Material Fact.**

Debtors own and reside on real estate with an address at 1754 Culls Ridge Road, Bedford, Kentucky (the "Property").[4] Their mailbox, driveway, most of the front yard, outbuildings, and a portion of their home are in Trimble County. A small portion of the front yard, most of the home, and the backyard are in Carroll County. The county line divides the Property nearly in half.

Carroll County is where the deed and mortgage for the Property were recorded and where the Property is taxed. In May 2004, Debtors filed an affidavit in Carroll County that converted their manufactured home on the Property to real estate. In January 2022, Defendant recorded its second mortgage on the Property in Carroll County.

In October 2022, Mr. Dean purchased the Vehicle and submitted a signed and notarized application for "Kentucky Certificate of Title or Registration" in Trimble County. [ECF No. 19-6 (the "Application").] It reflects the Property's address, states the Property is located in Trimble County, and identifies Trimble County as the "County Lien To Be Filed In." [*Id*. (capitalization altered).] While the Application reflects Mr. Dean "subscribed" and "attested" to his signature

---

[3] All chapter and section references, unless otherwise indicated, are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

[4] The parties filed Joint Stipulations for purposes of their motions for summary judgment. [ECF No. 19.] They reflect the parties' agreement (for purposes of summary judgment) to the authenticity of the documents referenced therein and attached thereto.

before a notary, the Application is not "sworn." [*Id.*] Shortly after Mr. Dean submitted the Application, the Vehicle was registered and titled in Trimble County.

Defendant financed the Vehicle's purchase and obtained a security interest in the Vehicle. Defendant filed its title lien statement with the Trimble County Clerk in October 2022. At all pertinent times, Mr. Dean's driver's license stated he resided in Trimble County. He also voted in Trimble County in 2019, 2020, 2022, and 2023.

After Debtors filed their bankruptcy petition and Plaintiff became the case trustee, Plaintiff filed this adversary proceeding to avoid Defendant's lien. Plaintiff also seeks to preserve the value of any avoided lien for the benefit of Debtors' bankruptcy estate pursuant to § 551. The parties filed and fully briefed competing motions for summary judgment. [ECF Nos. 20-26.] The Court heard oral argument, and the matter is ripe for disposition.

**II.    Jurisdiction.**

The Court has jurisdiction over this adversary proceeding. 28 U.S.C. § 1334(a). Venue is proper in this District. 28 U.S.C. § 1409. This is a core proceeding. 28 U.S.C. § 157(b)(2)(K); *see also Miller v. Wells (In re Wells)*, 619 B.R. 177, 179 (Bankr. E.D. Ky. 2020) (finding an action to avoid a lien pursuant to § 544 is a core proceeding). The parties have consented to the Court's entry of final orders or a judgment.

**III.    Legal Standard.**

A court may grant a summary judgment when "there is no genuine dispute as to any material fact" and "the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (incorporated via FED. R. BANKR. P. 7056). In considering a motion for summary judgment, a court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505,

3

2511 (1986). A genuine issue of material fact exists for trial when there is sufficient "evidence on which the [factfinder] could reasonably find for the [non-movant]." *Id*. at 2512.

The movant has the burden to demonstrate there are no genuine issues of material fact in dispute, and a court must consider all facts and inferences in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1355-56 (1986). "[T]he standards upon which the court evaluates the motions for summary judgment do not change simply because the parties present cross-motions." *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991). Each is evaluated "on its own merits[.]" *Id*. (quoting *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1391 (Fed. Cir. 1987) (citations omitted)).

The Court finds there are no genuine disputes of material fact. Deciding this matter requires interpreting a Kentucky statute. This is a question of law appropriate for disposition by summary judgment. *See, e.g., Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1059 (6th Cir. 2014); *Merritt v. Catholic Health Initiatives, Inc.*, 612 S.W.3d 822, 827 (Ky. 2020).

**IV.    Pertinent statute: KY. REV. STAT. § 186A.190.**

To resolve the cross-motions, the Court must interpret and apply K.R.S. § 186A.190. The statute has changed over time, and it was amended most recently on January 1, 2025. The following is the statutory language pertinent to this dispute:

> (1) . . . [T]he perfection of a security interest in any property for which has been issued a Kentucky certificate of title shall be by notation on the certificate of title which shall be deemed to have occurred when the provisions of subsection (3) of this section have been complied with. . . .
>
> (2) A motor vehicle dealer, a secured party or its representative, an assignee of a retail installment contract lender, or a county clerk shall rely on a county of residence designated by the debtor on any approved, notarized state form utilized in lien titling or the title transfer process signed by the debtor. Reliance on the foregoing by the motor vehicle dealer, secured parties, and county clerk shall relieve those persons from liability to any third party claiming failure to comply with this section.

4

(3) Except as provided in subsection (6) of this section, the notation of security interests relating to property required to be titled under this chapter in Kentucky through the county clerk shall be done in the office of the county clerk of the county in which the debtor resides as determined by subsections (2) and (4)  of this section. The security interest shall be deemed to be noted on the certificate of title and perfected, or deemed perfected at the time the security interest attaches as provided in KRS 355.9-203, if in compliance with KRS 186A.195(5), when a title lien statement:

    (a) Is received by the county clerk in the county in which residence of the debtor resides as determined under the provisions of this section together with the required fees, as designated by the debtor in the sworn statement;

    (b) Describes the titled vehicle, or vehicle to be titled, by year, model, make, and vehicle identification number;

    (c) Provides the name of the secured party, or a representative of the secured party, together with the additional information about the secured party required by subsection (9) of this section with reasonable particularity; and

    (d) Includes the date and time-stamped entry of the notation of the security interest by the county clerk of the required information in the Automated Vehicle Information System (AVIS), or its successor title processing system maintained by the Division of Motor Vehicle Licensing of the Transportation Cabinet.

KY. REV. STAT. § 186A.190 (2020).  Though the language has since changed, this is how the statute was worded when Mr. Dean registered the Vehicle and Defendant filed its lien thereon. The parties formulated their arguments based on this version of the statute.

    **V.    Plaintiff is Entitled to a Summary Judgment Avoiding Defendant's Lien.**

Section 544 provides, in pertinent part:

(a) The trustee shall have, as of the commencement of the case, and without regard to the knowledge of the trustee or any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . .

    (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists[.]

11 U.S.C. § 544(a)(1).  "One of the powers of the trustee acting as a judicial lien creditor 'is the ability to take priority over or "avoid" security interests that are unperfected under applicable state law.'"  *Harker v. PNC Mortg. Co. (In re Oakes)*, 917 F.3d 523, 529 (6th Cir. 2019) (citation

5

omitted). As the Vehicle is titled in Kentucky, the Court must use applicable Kentucky law to assess Plaintiff's rights as a hypothetical judicial lien creditor. *See id*.

To perfect a lien on a vehicle, a Kentucky lienholder must file its title lien statement in the county where the debtor resides. KY. REV. STAT. § 186A.190. "It is well-settled that a lien is unperfected and avoidable by a bankruptcy trustee if the title documents are filed in the wrong county." *Westenhoeffer v. Hyundia Cap. Am. (In re Young)*, No. 22-60025, Adv. No. 22-6005, 2022 WL 4295267, at *2 (Bankr. E.D. Ky. Sept. 16, 2022); *see also Vanderbilt Mortg. & Fin., Inc. v. Higgason (In re Pierce)*, 471 B.R. 876, 877 (B.A.P. 6th Cir. 2012), *aff'd*, 522 F. App'x 277 (6th Cir. 2013) (affirming decision to avoid a creditor's lien under § 544 where the creditor did not file the title lien statement in the correct county according to K.R.S. § 186A.190). "Under Kentucky law, any deficiency in the process of perfection is to be resolved against the creditor, who must 'bear the responsibility if the proper filing is not accomplished.'" *PHH Mortg. Servs. v. Higgason*, 345 B.R. 584, 586 (E.D. Ky. 2006) (citation omitted).

### A. For purposes of perfecting Defendant's lien under Kentucky law, Mr. Dean resides in Carroll County.

#### 1. Mr. Dean's county of residence is not determined by his intent.

Defendant argues Mr. Dean's residency is not determined by where the deed to the Property is recorded or the situs for collecting property taxes. Rather, Defendant says, the Court must consider Mr. Dean's intent, citing *Perry v. Motorists Mut. Ins. Co.*, 860 S.W.2d 762, 764 (Ky. 1993) ("[l]egal residency is based on fact and intention" and "what is or was one's residence often presents difficult questions and each case must be disposed of on its own peculiar facts."). Defendant contends Mr. Dean chose to reside in Trimble County as he voted there, obtained a Trimble County driver's license, and filled out documents claiming residency in Trimble County. This Court rejected the same argument on similar facts in *Westenhoefer v.*

6

*Bank of the West (In re Eldridge)*, and it does so again here. No. 19-61330, Adv. No. 19-6024, 2020 WL 1182668, at *1–2 (Bankr. E.D. Ky. Feb. 25, 2020).

The caselaw Defendant cites to support its position that residency is determined based on a debtor's intent is unpersuasive. Those cases arose in a different context as they involved people who lived in different properties, and the courts had to decide which property constituted their residence or domicile. *Perry*, 860 S.W.2d at 764–765 (analyzing whether, for purposes of being covered by her father's insurance policy, an eighteen-year-old newlywed resided in her father's household at the time of her death as her living arrangements were unsettled); *Ellison vs. Smoots*, 151 S.W.2d 1017, 1020 (Ky. 1941) (deciding whether a decedent was domiciled in Michigan or Kentucky to determine whether a Kentucky court had jurisdiction to probate a will). In such cases, Kentucky courts must consider an individual's intent when deciding which property is their residence. This dispute arises from a dissimilar set of facts, and so this line of authority does not persuade the Court to set *Eldridge* aside.[5]

Kentucky's highest court long ago explained the rights of subsequent purchasers or mortgagees of property "depend, not upon recitals or representations of the mortgagors as to their residence, but upon the fact of such residence . . . [which] controls the place of filing[.]" *Burbank & Burbank v. Robek*, 163 S.W. 457, 459 (Ky. 1914). If a court were to determine residence by a debtor's recitals, "the object of the [recording] statute would be frustrated by the mere act of [mortgagors and mortgagees] to the injury of those whose rights [the statute] intended to be protected" such as subsequent purchasers and mortgagees. *Id*. Similar to *Eldridge*, the documents containing Mr. Dean's representations of a Trimble County residence

---

[5] The debtors in *Eldridge*, like Debtors here, lived at their residence for over 20 years. 2020 WL 1182668, at *2.

do not overcome the fact that the Property's deed is recorded in Carroll County and the Property's situs for taxes also is Carroll County. 2020 WL 1182668, at *1.

### 2. Under Kentucky law, Carroll County is Mr. Dean's county of residence for purposes of recording a lien on the Vehicle.

The "county in which the debtor resides" is not defined in K.R.S. § 186A.190. However, applying pertinent caselaw, Mr. Dean resided in Carroll County for purposes of the statute.

Defendant's argument that Mr. Dean could "choose" either Carroll or Trimble County as his county of residence conflicts with Kentucky's "policy of promoting certainty in the recording of mortgages on both real and personal property . . . ." *Nat'l Cash Reg. Co. v. K. W. C., Inc.*, 432 F. Supp. 82, 87 (E.D. Ky. 1977) (citation omitted). This policy "has been a major influence in Kentucky law" and "has caused Kentucky courts to prefer the place of residence of the owner of movable personal property over the actual location of that property as a place for filing to create a security interest in such property." *Id.* For example, in interpreting a precursor to current law, Kentucky's highest court held "that a mortgage on personalty should be recorded in the county of the residence of the owner thereof, that county being, in legal contemplation, the situs of the property." *Robek*, 163 S.W. at 457–58; *see also Riley v. Commonwealth*, 121 S.W.2d 921, 923 (Ky. 1938) (quoting *Robek*). Requiring personal property liens to be filed in the same county in which the deed and any mortgages are recorded on the debtor's residence "give[s] reasonable certainty as to the place of recordation of personal property, as near to the certainty as to the place of recordation of a mortgage on real estate as it is possible to have it." *Beaver Creek Consol. Coal Co. v. Porter Min. Co.*, 60 F.2d 602, 604 (E.D. Ky. 1929). To apply "'[a]ny other rule would leave the place of record too uncertain.'" *Id.* at 603 (quoting *Coppage v. Johnson*, 55 S.W. 424, 425 (Ky. 1900)).

In Kentucky, deeds are "recorded in the county clerk's office of the county in which the property conveyed, or the greater part thereof, is located." KY. REV. STAT. § 382.110(1). The Property's deed and mortgages are recorded in Carroll County. Carroll County also is the situs for taxing the Property.[6] Consequently, Carroll County is Mr. Dean's county of residence under Kentucky law for purposes of perfecting a lien on the Vehicle.

### 3. The fact that the Property is located in two counties does not affect the Court's conclusion.

Kentucky law acknowledges the "possibility that personal as well as real property may be located in two counties[.]" *Beaver Creek Consol. Coal Co.,* 60 F.2d at 603. When this is the case, "the requirement is that the mortgage therein shall be recorded in the county where the greater part thereof is located." *Id.*; *see also* KY. REV. STAT. § 382.110. There is no dispute that the Property's deed and mortgages were recorded appropriately in Carroll County. Therefore, the Property's location in two counties does not change the Court's analysis or conclusion. Simply put, Defendant filed its lien on the Vehicle in the wrong county.

### B. The safe harbor provided under K.R.S. § 186A.190 is inapplicable.[7]

Generally speaking, "[a] creditor whose lien is noted in the wrong county cannot prevail over a bankruptcy trustee exercising his § 544 rights, even if the debtor is the source of the incorrect information." *Westenhoefer v. Chrysler Capital (In re Clay)*, No. 21-60208, Adv. No. 21-6004, 2021 WL 6200639, at *2 (Bankr. E.D. Ky. Dec. 30, 2021). The Kentucky General Assembly, however, seemingly sought to address this result when it drafted the 2020 version of K.R.S. § 186A.190, *i.e.*, the version applicable to this dispute. Its language recognized "a safe

---

[6] *Marina Prop. Servs., Inc. v. Owens,* 66 S.W.3d 698, 700 (Ky. Ct. App. 2001) (defining situs as "where a thing is considered . . . with reference to . . . the right or power to tax it.") (citing Black's Law Dictionary)).

[7] As neither party raised the impact (if any) of the recent amendments to K.R.S. 186A.190 on this dispute, the Court declines to do so.

9

harbor for creditors who file liens in the wrong county based on a debtor's designation of his county of residence." *Young*, 2022 WL 4295267, at *2. Specifically, as amended effective in 2020, the statute provided:

> A . . . secured party . . . **shall rely on a county of residence designated by the debtor on any approved, notarized state form utilized in lien titling or the title transfer process signed by the debtor.** Reliance on the foregoing . . . shall relieve those persons from liability to any third-party claiming failure to comply with this section.

KY. REV. STAT. § 186A.190(2) (2020) (emphasis added). The statute also stated:

> The security interest shall be deemed to be noted on the certificate of title and perfected . . . when a title lien statement:
>
> > (a) Is received by the county clerk in the county in which residence of the debtor resides as determined under the provisions of this section . . . **as designated by the debtor in the sworn statement**[.]

KY. REV. STAT. § 186A.190(3)(a) (2020) (emphasis added).

Defendant argues the Application stating Mr. Dean resides in Trimble County triggers the safe harbor defense as the Application was a copy of the only "approved, notarized state form utilized in lien titling or the title transfer process signed by the debtor," and subsection (2) of the statute does not state the Application must be sworn. The Court rejected this argument in *Young*, explaining "the safe harbor only applies if the filer relies on a debtor's designation in a sworn statement; the Application is not a sworn statement." 2022 WL 4295267, at *3. Mr. Dean's Application also was not sworn before a notary, rendering the safe harbor inapplicable.

The Court rejects Defendant's argument that the *Young* decision "conflated" K.R.S. § 186A.190(2) and (3)(a) "to create a new requirement that to have a safe harbor under Subsection 2 you had to have a sworn statement that is referenced only under Subsection 3(a)." [ECF No. 23 at 6.] Defendant's interpretation erroneously views each subsection in isolation. Kentucky law requires the Court to "read the statute as a whole, and with other parts of the law

10

of the Commonwealth, to ensure that our interpretation is logical in context." *Lichtenstein v. Barbanel*, 322 S.W.3d 27, 35 (Ky. 2010). The Court also must (a) "attempt to construe the statute in such a manner that no part of it is meaningless or ineffectual[,]" and (b) "endeavor to harmonize its interpretation so as to give effect to both" sections of a statute when they appear in conflict. *Sixty-Eight Liquors, Inc. v. Colvin*, 118 S.W.3d 171, 173 (Ky. 2003) (citation and quotation marks omitted).

When reading the statute as a whole, subsection (1) states "the perfection of a security interest in property . . . shall be deemed to have occurred when the provisions of subsection (3) of this section have been complied with." KY. REV. STAT. § 186A.190(1) (2020). Subsection (3) contains a direct reference to subsection (2), demonstrating these sections must be construed together and not in isolation. Subpart (3)(a) references "the sworn statement," which must refer to the "notarized state form" described in subsection 2. Defendant's argument either would render the word "sworn" in subsection 3 to be mere surplusage or place subsections 2 and 3 in conflict. In contrast, finding that the safe harbor in K.R.S. 186A.190(2) requires the state form be "sworn" harmonizes any conflict that would otherwise arise and avoids rendering any language meaningless or ineffectual.

Lastly, Defendant argues it is sufficient that the Application was notarized pursuant to Kentucky's statute on notarial acts, which allows "attesting" to signatures. This is incorrect. "The words 'subscribed and attested' are not the same as 'subscribed and sworn.'" *Young*, 2022 WL 4295267, at *3 (collecting caselaw). K.R.S. 186A.190 requires a sworn statement.

### VI.     Conclusion.

Defendant did not perfect its lien under the applicable version of K.R.S. § 186A.190. The statute's safe harbor cannot save Defendant's lien from avoidance by the Trustee under

11

§ 544(a)(1).  Plaintiff is entitled to a summary judgment on his claim against Defendant, and a separate judgment shall be entered concurrently with this Memorandum Opinion consistent with the ruling herein.

12

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Douglas L. Lutz*
**Bankruptcy Judge**
Dated: Tuesday, February 4, 2025
(dll)